L. K. PARKS & another *vs.* EDWARD O. COOKE.

Suffolk. March 10, 1898. — March 11, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Second Deposition of same Witness.*

A second deposition of a witness may be admitted in evidence, although it contains testimony on some of the same subjects as are contained in the first deposition.

CONTRACT, upon an account annexed.

This case was originally brought in the Municipal Court of Boston, and on an appeal was tried several times in the Superior Court before a jury. At the trial in the Superior Court, before *Blodgett,* J., it appeared in evidence that, before any trial of the case was had, the deposition of Barbour, one of the plaintiffs, was taken, on June 24, 1894, upon a commission issuing from the Municipal Court, and to the interrogatories put to him no cross-interrogatories were filed by the defendant. This deposition was used at the trial of the case in the Municipal Court, and at the first trial of the case in the Superior Court.

After the case had been once tried in the Superior Court, the plaintiffs' attorney again filed interrogatories to Barbour in that court, for the purpose of taking his deposition a second time. The only cross-interrogatories filed by the defendant were inquiries to the witness concerning whether or not he had given the deposition first mentioned. The defendant filed with these cross-interrogatories his objections to the plaintiffs giving this deposition, for the reason substantially that they had already given the first deposition.

A commission was issued, and Barbour gave, on January 17, 1896, his second deposition, which related to the same subject matter, with some additional testimony, and contradicted a portion of the testimony given by the defendant at the former trial.

At the present trial the plaintiffs offered in evidence the second deposition, and the defendant objected thereto, and

asked that at least so much of the deposition as related to matters upon which the said Barbour had given testimony in his first deposition be excluded. The judge overruled the objection of the defendant, denied his request, and allowed the whole of the second deposition to be read to the jury. The defendant alleged exceptions.

*E. O. Cooke, pro se,* submitted the case on a brief.

*W. P. Hale,* for the plaintiffs.

FIELD, C. J. The exceptions in this case do not raise the question whether any of the interrogatories contained in the second deposition called for incompetent evidence, or whether any of the answers thereto were incompetent. The single exception is to the admission of the second deposition in evidence, or at least of " so much of the deposition as related to matters upon which the said Barbour had given testimony in his first deposition." We think that the ruling was right. *Akers* v. *Demond,* 103 Mass. 318. *Exceptions overruled.*